IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DWIGHT MARQUEZ KELLOGG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:18CV197 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DOUGLAS COUNTY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, an inmate[1] at the Douglas County Correctional Center ("DCCC"), brings this 42 U.S.C. § 1983 suit requesting $4 million for injuries he allegedly suffered when DCCC staff assaulted him. The court has granted Plaintiff permission to proceed in forma pauperis (Filing No. 6), and the court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff claims that three DCCC officers assaulted him in the Unit-P/Gym on March 2, 2018, resulting in a swollen face and knots on the back of his head, as well as injuries to his jaw, neck, a tooth, and the front of his head. (Filing No. 1 at CM/ECF pp. 7, 10.) Attached to Plaintiff's Complaint are three disciplinary misconduct reports written by Dustin Luschwitz, Thomas Grothe, and A.R. Gillaspie describing the incident that allegedly resulted in Plaintiff's injuries.

According to the disciplinary misconduct reports, a physical altercation occurred between Plaintiff and another inmate. When Luschwitz, Grothe, and Gillaspie attempted to restrain Plaintiff, he refused to follow multiple verbal commands and aggressively resisted by swinging his arms around with closed fists and striking Gillaspie. Plaintiff

---

[1]It is not clear whether Plaintiff is a pretrial detainee or a convicted prisoner.

also "violently" kicked his legs, grazing Luschwitz's nose and kicking him in the forehead. Luschwitz responded by using "an open hand strike with [his] left hand on [Plaintiff's] left common peroneal and secured the left foot in restraints," and Gillaspie delivered four closed-fist strikes to Plaintiff's right super scapula and one to Plaintiff's head. Once the officers succeeded in restraining Plaintiff, other officers escorted him to receive medical attention and then to a housing unit. (Filing No. 1 at CM/ECF pp. 12-15.)

Although Plaintiff names "Douglas County" as the only Defendant in the caption of his Complaint, it is apparent from the body of his Complaint that he also intends to sue Sergeant Whiter, Sergeant T.P. Swricek, Sergeant Hololenbeck, Officer R.M. Baier, Officer Dustin Luschwitz, Officer A.R. Gillaspie, Officer Grothe, and Officer Heather Yosten.[2] (Complaint, Filing No. 1 at CM/ECF pp. 2, 4.) However, as the Complaint is currently drafted, the court must presume that these Defendants are sued in their official capacities only.[3]

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[2] See *Miller v. Hedrick*, 140 Fed. App'x. 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

[3] See *Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. County Liability**

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final

3

authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County employees, or that Douglas County policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violation. In other words, Plaintiff has failed to allege facts suggesting that a Douglas County policy or custom caused a violation of his constitutional rights. Although Plaintiff has failed to allege a cognizable claim against Douglas County and the DCCC Defendants in their official capacities, I shall grant Plaintiff leave to file an Amended Complaint to allege such a claim *if factually supported*.

## B. Eighth Amendment Claim

While Plaintiff has failed to state a claim against Douglas County and the other official-capacity Defendants for the reasons discussed above, the court will examine

Plaintiff's constitutional claims to determine whether Plaintiff should be given an opportunity to amend his Complaint to allege plausible claims for relief against the DCCC Defendants in their individual capacities.

Plaintiff's Complaint and attached exhibits contain allegations that may be characterized as an Eighth Amendment claim—that is, the DCCC Defendants deliberately disregarded Plaintiff's safety when they allegedly assaulted him while attempting to put him in restraints.

"It is well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010) (internal quotations omitted). "One acts maliciously by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts sadistically by engaging in extreme or excessive cruelty or by delighting in cruelty." *United States v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007) (internal quotation and citation omitted).

In an Eighth Amendment excessive-force case, "the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in light of the particular circumstances." *Story v. Norwood*, 659 F.3d 680, 686 (8th Cir. 2011) (quoting *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).

The factors considered in evaluating whether officers acted in good faith when using physical force to restrain an inmate include:

1. The need for force;

2. The correlation between the need for force and the amount of force used;

3. The extent of the inmate's injury;

4. The threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them at the time; and

5. Any attempt by the officers to temper the severity of the response.

*Stenzel v. Ellis*, 916 F.2d 423, 427 (8th Cir. 1990). When a prisoner, having been warned several times, "refuses to comply with a legitimate jail security regulation, the incident has escalated into a 'disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff.'" *Stenzel*, 916 F.2d at 426 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1990)).

Plaintiff's allegations indicate that he was involved in a physical altercation with another inmate, and Officers Luschwitz, Grothe, and Gillaspie used force in an attempt to redirect and restrain the noncompliant and physically aggressive Plaintiff. There are no allegations that the officers applied force maliciously to cause harm to Plaintiff. As currently written, then, Plaintiff's allegations fail to state an Eighth Amendment excessive-force claim. However, the court will give Plaintiff an opportunity to amend his Complaint to state a plausible claim for relief against any Defendants, in their individual capacities, who were actually involved in the incident.

## C. Lack of Allegations Against Some Defendants

The misconduct reports written by Defendants Luschwitz, Gillaspie, and Grothe that are attached to Plaintiff's Complaint are sufficient to establish their involvement in the incident at issue. However, Plaintiff makes no factual allegations against Sergeant Whiter, Sergeant T.P. Swricek, Sergeant Hololenbeck, Officer R.M. Baier, and Officer Heather Yosten indicating that they were personally involved in, or directly responsible for, the conduct underlying his claim. When amending his Complaint, Plaintiff should be mindful that the court will dismiss any claims asserted against Defendants who are not alleged to have any personal involvement in the alleged constitutional violations. *See*

*Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (concluding that a complaint was properly dismissed because plaintiff failed to allege facts supporting any individual defendant's personal involvement or responsibility for violations); *see also Ashcroft*, 556 U.S. at 679 (stating that a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). The court will give Plaintiff leave to file an Amended Complaint to identify the individual Defendants who were actually involved in the incident, clearly explaining what those Defendants did to him, when they did it, how those Defendants' actions harmed him, and what specific legal right Plaintiff believes such Defendants violated.

## IV. CONCLUSION

On its own motion, the court will grant Plaintiff leave to file an Amended Complaint that states a claim upon which relief may be granted. To summarize, in order for Plaintiff's claims to proceed, he must file an Amended Complaint that:

1. Alleges truthful facts suggesting that a Douglas County policy or custom caused a violation of his constitutional rights;

2. Alleges truthful facts indicating the malicious and sadistic use of force against Plaintiff by a particular Defendant or Defendants in their individual capacities, done with the intent to injure and causing actual injury; and

3. Identifies the individual Defendants who were actually involved in the incident, clearly explaining what those Defendants did to Plaintiff, when they did it, how those Defendants' actions harmed him, and what specific legal right Plaintiff believes such Defendants violated.

Failure to file an Amended Complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

IT IS ORDERED:

1. The clerk of the court shall add Sergeant Whiter, Sergeant T.P. Swricek, Sergeant Hololenbeck, Officer R.M. Baier, Officer Dustin Luschwitz, Officer A.R. Gillaspie, Officer Grothe, and Officer Heather Yosten in their official capacities as Defendants in this case.

2. Plaintiff shall file an Amended Complaint by September 21, 2018, that states a claim upon which relief may be granted. Failure to file an Amended Complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. The clerk of the court is directed to set a pro se case management deadline using the following text—September 21, 2018: Amended Complaint due.

DATED this 14th day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge